UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MANUEL BONILLA, )<br>a/k/a "Carlos Contreras," )<br>MARIO BONILLA, )<br>HOLLY KING, )<br>MICHELLE MORENO, )<br>FRANCISCA BONILLA, )<br>JOSE SILOS, )<br>SELENE SOTO, )<br>OMAR CRUZ, )<br>FELIX McVAY, )<br>VICTOR PORRAS, and )<br>CECILIA LORENA BONILLA, )<br>)<br>Defendants. ) | Case No. 08-CR-51-CVE |

**OPINION AND ORDER**

Now before the Court is plaintiff's Unopposed Motion to Declare This Case a Complex Matter Pursuant to 18 U.S.C. §§ 3151(h)(8)(A) [sic] and 3161(h)(8)(B)(ii) (Dkt. # 46). Plaintiff asks the Court to treat this case as a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. ("the Act"), and extend the trial date beyond the 70 day time period permitted by the Act.

On March 6, 2008, the Grand Jury returned a 44 count indictment against 11 defendants alleging the following offenses under federal law: 21 U.S.C. § 846: Conspiracy (Count One); 21 U.S.C. § 848: Continuing Criminal Enterprise (CountTwo); 21 U.S.C. § 856: Establishment of or Maintaining a Location to Store, Manufacture, Distribute Cocaine (Count Three); 18 U.S.C. § 371: Conspiracy to Smuggle Goods from the United States (Count Four); 18 U.S.C. § 922(g): Felon in

Possession of a Firearm (Count Five); 18 U.S.C. § 924(c)(1)(A): Use, Carry, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (CountSix); 18 U.S.C. § 371: Conspiracy-Interstate and Foreign Travel in Aid of Racketeering Enterprises (Count Seven); 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(ii): Possession with Intent to Distribute and Distribution of 500 Grams or More of Cocaine (Count Eight); 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii): Possession with Intent to District Marijuana (Count Ten); 18 U.S.C. § 371: Conspiracy-Bulk Case Smuggling (Count Eleven); 21 U.S.C. § 843(b): Use of a Communication Facility in Facilitating the Commission of a Drug Trafficking Felony (Counts Nine, Twelve through Forty-Four).

The indictment followed an extensive investigation that included wiretaps of three cellular telephones. The government recorded approximately 8,500 conversations or text messages, and it anticipates that the transcripts of relevant phone calls or text messages will exceed 8,000 pages. The government states that the discovery file will also include Grand Jury transcripts and other investigative documents, and the discovery materials are contained on 42 compact discs in electronic format. However, the investigation has not been completed and more discoverable material may be gathered as the investigation continues. The government asks the Court to allow four months for defense counsel to review the evidence and prepare pretrial motions. As the government anticipates that a significant number of pretrial motions will be filed, it requests 30 days to respond to defendants' motions and, following rulings on the motions, an additional 30 days to comply with the Court's rulings and supplement the record.

The Act requires that a federal criminal trial begin at least 30 days but not more than 70 days from the date the indictment is filed and made public or a defendant appears before a judicial officer. 18 U.S.C. § 3161(c)(1). "The Act serves two distinct interests: (1) to protect a defendant's right to

a speedy indictment and trial, and (2) to serve the public's interest in ensuring prompt criminal prosecutions." United States v. Williams, 511 F.3d 1044, 1047 (citing Zedner v. United States, 547 U.S. 489 (2006)). The Act permits a court to exclude certain periods of time from the speedy trial clock and excludable time does not count towards the 70 day time limit. See 18 U.S.C. § 3161(h); United States v. Apperson, 441 F.3d 1162, 1178 (10th Cir. 2006).

In this case, the government asks the Court to designate this as a complex case under § 3161(h)(8), because it would be unreasonable to expect defense counsel to review the extensive discovery materials and prepare the case for trial within 70 days. Dkt. # 46, at 4-5. Section 3161(h)(8)(A) permits a court to exclude:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Act provides several factors that may be relevant for an ends-of-justice continuance. In this case, the government relies on § 3161(h)(8)(B)(ii), which states that a district judge should consider:

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

Although the Act provides a trial court discretion when considering a request for an ends-of-justice continuance, such requests must not be granted "cavalierly" and it is intended to be a "rarely used tool" for particularly complex cases. Williams, 511 F.3d at 1048-49. When a district court grants

an ends-of-justice continuance, it must make specific findings supporting its decision and state its findings on the record. United States v. Hill, 197 F.3d 436, 441 (10th Cir. 1999).

The Court has considered the statutory factors and Williams, and finds that the government's motion to declare this a "complex case" should be granted. This case involves 11 defendants and 44 alleged offenses and, under §3161(h)(8)(B)(ii), this is a relevant factor for the Court's consideration. The substantial volume of discovery supports plaintiff's argument that this case is unusually complex and it will require more than the 70 days provided by the Act for the parties to prepare for trial. It would not be reasonable to expect defense counsel to review over 8,000 pages of documents, prepare pretrial motions and adequately represent their client at trial in less than 70 days. The government also points out that its investigation is ongoing, and more relevant evidence may be gathered as the case continues. Failure to treat this case as a complex case would deny counsel for all parties adequate time to prepare, and this consideration outweighs defendants' interest in a speedy trial. In addition to the interests of the parties, the Court must also consider whether the ends of justice served by extending the 70 day time limit also outweigh the public's interest in a speedy trial. Zedner, 547 U.S. at 498-99; Williams, 511 F.3d at 1048. While a speedy resolution of criminal cases serves the public interest, it does not benefit the public if a complex criminal case is rushed and a miscarriage of justice results. Given the complex nature of these proceedings, the ends of justice served by treating this as a complex case outweigh the public's interest in a speedy trial.[1]

---

[1] The Court notes that its decision to grant plaintiff's motion is not based on the general congestion of the court's calendar or lack of diligent preparation by counsel. See 18 U.S.C. § 3161(h)(8)(C).

**IT IS THEREFORE ORDERED** that plaintiff's Unopposed Motion to Declare This Case a Complex Matter Pursuant to 18 U.S.C. §§ 3151(h)(8)(A) [sic] and 3161(h)(8)(B)(ii) (Dkt. # 46) is **granted**.

**IT IS FURTHER ORDERED** that following scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | August 11, 2008 |
| Responses due: | August 25, 2008 |
| PT/CP/Motions Hearing: | August 29, 2008 at 9:00 a.m. |
| Voir dire, jury instructions, and trial briefs due: | September 8, 2008 |
| Jury Trial: | September 15, 2008 at 9:30 a.m. |

**DATED** this 14th day of April, 2008.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5